ERIC P. ISRAEL (State Bar No. 132426)
eisrael@DanningGill.com
SONIA SINGH (State Bar No. 311080)
ssingh@DanningGill.com
DANNING, GILL, ISRAEL & KRASNOFF, LLP
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067-6006
Telephone: (310) 277-0077
Facsimile: (310) 277-5735

Attorneys for Brad D. Krasnoff, Chapter 7 Trustee

**FILED & ENTERED**

**MAR 17 2020**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY tatum        DEPUTY CLERK

**CHANGES MADE BY COURT**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>SERAPIO VENEGAS,<br><br>Debtor. | Case No. 2:19-bk-13181-RK<br><br>Chapter 7<br><br>**ORDER DENYING MOTION OF ALLIANCE UNITED INSURANCE COMPANY TO DISMISS BANKRUPTCY CASE**<br><br>Date:   March 10, 2020<br>Time:  2:30 p.m.<br>Place:  Courtroom 1675<br>          255 E. Temple Street<br>          Los Angeles, California 90012 |

On March 10, 2020, at 2:30 p.m., there came before the Court for hearing the "Cross-Motion" to Dismiss Involuntary Bankruptcy Case *(docket nos. 53, 54 and 55)* (the "Motion to Dismiss") filed by Alliance United Insurance Company ("Alliance United") on or about February 11, 2020.  Eric P. Israel and Sonia Singh of Danning, Gill, Israel & Krasnoff, LLP appeared for Brad D. Krasnoff, the Chapter 7 trustee (the "Trustee") for the estate of Serapio Venegas.  Robert J. Pfister of KTBS Law LLP and Theona Zhordania of Sheppard, Mullin, Richter & Hampton LLP appeared for Alliance United.  Steven M. Schuetze of Shernoff Bidart Echeverria LLP appeared as the Trustee's special litigation counsel.  No other appearances were made.

The Court having read and considered the Motion to Dismiss, the Trustee's opposition to the Motion to Dismiss *(docket no. 65)*, and Alliance United's reply in support of the Motion to

1  Dismiss *(docket no. 69)*, having issued a tentative ruling denying the Motion to Dismiss (copy

2  attached hereto), and after consideration of oral arguments at the hearing with good cause

3  appearing, for the reasons stated on the record at the hearing and in the tentative ruling, it is

4      ORDERED THAT:

5      1.    The Motion to Dismiss is denied in its entirety.

6      2.    Alliance United lacks standing to bring the Motion to Dismiss, and the requisite

7  cause is not shown under 11 U.S.C. § 707(a).

9                             ###

Date: March 17, 2020

_____
Robert Kwan
United States Bankruptcy Judge

1580376.1  1913181A        2

TENTATIVE RULING FOR HEARING ON MARCH 10, 2020

Revised tentative ruling as of 3/9/20.  Deny "cross"-motion of Movant Alliance United Insurance Company to dismiss bankruptcy case for lack of standing for reasons stated in the trustee's opposition.  Movant must have standing to bring motion to dismiss Chapter 7 bankruptcy case under 11 U.S.C. 707(a), In re Sherman, 491 F.3d 948, 957-958 (9th Cir. 2007).  Despite movant's "structural" objection, it must show that it has Article III constitutional standing to challenge the bankruptcy case, that is, whether it alleges an injury fairly traceable to the wrongful conduct, and that it has prudential standing as a person aggrieved by the bankruptcy court's order, see In re P.R.T.C., Inc., 177 F.3d 774, 777 (9th Cir. 1999); In re Chiu, 266 B.R. 743, 748-750 (9th Cir. BAP 2001), and it has not so shown that it is a creditor or other party in interest that meets the constitutional and prudential standing requirements.  Movant's only demonstrable interest affected by the pendency of the bankruptcy case is as a party defendant in the trustee's action against it, now the removed state court action, which does not make it an aggrieved person by the pending of the bankruptcy case.  Matter of Fondiller, 707 F.2d 441, 442-443 (9th Cir. 1983).  The court also agrees with the trustee that cause is not shown under 11 U.S.C. 707(a) for dismissal since dismissal would be prejudicial to Creditor Wood, the largest creditor, and the estate, that the contingency fee of special litigation counsel is not cause for dismissal (i.e., since there is only one contingency fee of 40%) and dismissal would be prejudicial to the administrative claimants.  Whether the concerns of the courts in In re Murray, 543 B.R. 494 (Bankr. S.D.N.Y. 2016), aff'd, 900 F.3d 53 (2nd Cir. 2018) are applicable here are debatable, and in any event, as out of circuit authority, Murray is not controlling here.  Murray is distinguishable at least because the party seeking dismissal was a party in interest with standing unlike here.  It does not seem to the court an improper bankruptcy purpose for the major creditor of the estate who was grievously injured by the debtor to bring the involuntary bankruptcy petition against debtor to pursue rights that debtor may have against the insurance company for an alleged bad faith failure to timely accept a settlement offer adversary proceeding where the debtor has refused to pursue or assign those rights to the aggrieved creditor to constitute cause for dismissal under 11 U.S.C. 707(a) since the involuntary bankruptcy case was brought to protect an asset of debtor's estate which would be otherwise lost.  See In re Manhattan Industries, Inc., 224 B.R. 195, 200 (Bankr. M.D. Fla. 1997)("The central policy behind involuntary petitions was to protect the threatened depletion of assets or to prevent the unequal treatment of similarly situated creditors."), cited and quoted in In re Marciano, 446 B.R. 407, 419 (Bankr. C.D. Cal. 2010).  Whether movant as the insurer acted in bad faith with respect to debtor remains to be determined as such claim is being vigorously defended by movant.  Appearances are required on 3/10/20, but counsel may appear by telephone.

1580376.1  1913181A

3